IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MIDMARK CORPORATION, | : | CASE NO. 3:14-CV-88 |
| Petitioner, | : | (Judge Thomas M. Rose) |
| v. | : | |
| JANAK HEALTHCARE PRIVATE LIMITED, et al., | : | **TEMPORARY RESTRAINING ORDER** |
| | : | |
| Respondents. | : | |

_____

This matter is before the Court on the Motion of Petitioner Midmark Corporation ("Midmark") for a Temporary Restraining Order and Preliminary Injunction to Preserve Status Quo Ante While Court Addresses Complaint To Compel Arbitration ("Motion").

The Court held a telephone conference where respondents were represented by Indian counsel.  The representative for Respondents asserted that the motion should not be granted, as the claims Petitioners seek to have arbitrated are non-arbitral under Indian law, citing to the Court what appears to be the equivalent of 9 U.S.C. § 207.  See also 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "New York Convention"), § V.2.(a)&(b).  At the same time, "An action or proceeding falling under the convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203.  The United States Supreme Court has found that objections akin to those of Respondents are premature; as such objections are properly made when objecting to the enforcement of an arbitration order. *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540, 115 S. Ct. 2322, 2329 (1995).

As local counsel has yet to make an appearance for Respondents, the Court questioned Petitioners concerning the question of personal jurisdiction. See *U.S. Olympic Committee v. Does 1-10*, 2008 WL 2948280, *1 (N.D. Cal. 2008) ("Although lack of personal jurisdiction is a defense that may be waived by a party, the Court has an obligation to consider this issue *sua sponte* before entering an order against an absent defendant."). Petitioners asserted that the Court has personal jurisdiction by virtue of a treaty provision granting personal jurisdiction over all persons necessary to implement the treaty. The Court has not found this to be the case. See *First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 748-50 (5th Cir. 2012) ("Even though the New York Convention does not list personal jurisdiction as a ground for denying enforcement, the Due Process Clause requires that a court dismiss an action, on motion, over which it has no personal jurisdiction.")(gathering cases). The Court has found cases wherein personal jurisdiction by virtue of contractual stipulation, by virtue of contractual agreement to arbitrate in a given jurisdiction, and by virtue of designation of a statutory agent. Alternatively, courts analyze whether specific jurisdiction by virtue of minimum contacts. See *Employers Ins. of Wausau v. Banco De Seguros Del Estado*, 199 F.3d 937, 943 (7th Cir. 1999).

The Complaint asserts, "This Court has personal jurisdiction over Respondents by virtue of, *inter alia*, those same agreements in which Respondents transacted business with a company located within the geographic region covered by the Southern District of Ohio." Complaint at 6. To this, Petitioners added an assertion that shareholders meetings were conducted in the United States. While the Court will accept this basis for today's temporary restraining order, this basis of minimal contacts will not suffice for further injunctive relief to issue.

This Court finds, based upon the verified allegations of the Verified Petition to Compel Arbitration, the exhibits, Declaration and Certification of Counsel submitted, the arguments of counsel, and the Motion and Supporting Memorandum, that irreparable injury may occur and that a temporary restraining order should be granted.

Petitioner has shown a substantial likelihood that it would prevail on the merits of its sole claim to compel arbitration of the dispute among Midmark Corporation, Janak Healthcare Private Limited, its shareholders, and the individual directors who are inextricably intertwined with the dispute to be arbitrated.  There exists such an exigency that the immediate issuance of a temporary restraining order is necessary to preserve the status quo ante and the rights of the parties while the Court considers the claim brought by Midmark.  Specifically, absent entry of this temporary restraining order preventing the parties from further advancing litigation in India, the ultimate relief  requested in this action – a mandatory federal order under 9 U.S.C. § 201, et seq. compelling arbitration under an International Treaty – will be frustrated and compromised.

For good cause shown, IT IS ORDERED THAT:

    A.    Respondents Janak Healthcare Private Limited, Apurva Jayantilal Mehta, Hema A. Mehta, Atman A. Mehta, Sibir A. Mehta, Hasmukh Jivraj Mehta, Amit H. Mehta, Vasant H. Mehta, and Raj H. Mehta (collectively, "Respondents"), together with their officers, agents, servants, employees, legal representatives and attorneys, and all persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, are PRELIMINARILY RESTRAINED and ENJOINED, from continuing or prosecuting in any manner whatsoever, the proceedings entitled Apurva Jayantilal Mehta & Ors. v. Janak Healthcare Pvt. Ltd. & Ors, in presently unnumbered Company Petition, now pending in the Company Law Board, Mumbai;

B.      Respondents, together with their officers, agents, servants, employees, legal representatives and attorneys, and all persons in active concert of participation with them who receive actual notice of this order, by personal service or otherwise, shall take no actions, to prosecute, pursue, or obtain any relief in the proceeding Apurva Jayantilal Mehta & Ors. v. Janak Healthcare Pvt. Ltd. & Ors, in presently unnumbered Company Petition, now pending in the Company Law Board, Mumbai and will take all necessary steps to stay and hold in abeyance the action such that all proceedings are on hold until this Court can take further action as set forth in this Order in furtherance of consideration of the Petition to Compel Arbitration;

C.      At the hearing on Preliminary Injunction set forth below, the Petitioner is Ordered to Show Cause in greater detail why its complaint should not be dismissed for want of personal jurisdiction.

D.      At the hearing on Preliminary Injunction set forth below, the Respondents are Ordered to Show Cause why the dispute alleged in the Petition shall not be subject to arbitration under 9 U.S.C. § 201, et seq. and the (1958 New York) Convention on the Recognition and Enforcement of Arbitral Awards;

E.      In accordance with Fed. R. Civ. P. 65(c) a bond of $100 is required to be posted by Midmark which the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.

F.      This Order is issued without additional notice beyond the opportunity to participate in a telephonic conference under Local Rule 65.1 due to the urgency necessary to preserve the status quo ante and the mandates of U.S.C. §201 et. seq. when it comes to enforcing rights to arbitration of international commercial disputes in this case involving persons in the United States and India which countries are both parties to the (1958 New York) Convention on the Recognition and Enforcement of Arbitral Awards.

G.      Petitioner shall take reasonable measures to effect service of this Order not only upon counsel who appeared on the call, Mr. Khare of Khare Legal Chambers, but also on the Respondents.

H.      This Order is entered at 3:00 p.m. this 19th day of March, 2014 and shall expire within 14 days of this date and time unless further extended for cause shown.

I.      This matter is scheduled for a hearing on preliminary injunction on the 1st day of April, 2014