IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MIDMARK CORPORATION, | : | CASE NO. 3:14-cv-088 |
| Petitioner, | : | (Judge Thomas M. Rose) |
| v. | : | |
| JANAK HEALTHCARE PRIVATE LIMITED, et al., | : | **ORDER EXTENDING TEMPORARY RESTRAINING ORDER** |
| Respondents. | : | |
| | : | |

_____

On March 19, 2014, the Court held a telephone conference on the Motion of Petitioner Midmark Corporation ("Midmark") for a Temporary Restraining Order and Preliminary Injunction to Preserve Status Quo Ante While Court Addresses Complaint To Compel Arbitration ("Motion"). *Midmark Corp. v. Janak Healthcare Private Limited*, Case No. 3:14-cv-088, slip op. at 1 (S.D. Ohio March 19, 2014) (Doc. No. 9, p. 1). During the March 19 conference, Respondents were represented by Indian counsel who asserted that the Motion should not be granted, as the claims Petitioner seeks to have arbitrated are non-arbitral under Indian law, citing to the Court what appears to be the equivalent of 9 U.S.C. § 207. See also 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (the "New York Convention"), § V.2.(a)&(b). *Id*. At the same time, "An action or proceeding falling under the convention shall be deemed to arise under the laws and treaties of the United States." *Id*. (citing 9 U.S.C. § 203). The United States Supreme Court has found that objections akin to those of Respondents are premature; as such objections are properly made when objecting to the

enforcement of an arbitration award. *Id*. (citing *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 540, 115 S. Ct. 2322, 2329 (1995)).

This Court found, based upon the verified allegations of the Verified Petition to Compel Arbitration, the exhibits, Declaration and Certification of Counsel submitted, the arguments of counsel, and the Motion and Supporting Memorandum, that irreparable injury may occur and that a temporary restraining order should be granted because Petitioner had shown at this stage a substantial likelihood that it would prevail on the merits of its sole claim, a request to compel arbitration of the dispute among Midmark Corporation, Janak Healthcare Private Limited, its shareholders, and the individual directors who are alleged to be inextricably intertwined with the dispute. *Id*. at 3. (Doc. No. 9, p. 3). This Court further found that there existed such an exigency that the immediate issuance of a temporary restraining order was necessary to preserve the *status quo ante* and the rights of the parties while the Court considers the claim brought by Midmark. *Id*. Specifically, absent entry of this temporary restraining order preventing the parties from further advancing litigation in India, the ultimate relief requested in this action – a mandatory federal order under 9 U.S.C. § 201, *et seq.* compelling arbitration under an International Treaty – would be frustrated and compromised. *Id*. The Court set the preliminary injunction hearing for April 1, 2014. *Id*. at 4. (Doc. No. 9, p. 4).

On March 27, 2014, David Fornshell of the Dinsmore law firm entered his appearance on behalf of Apurva Jayantilal Mehta, Hema A. Mehta, Atman A. Mehta, Sibir A. Mehta, Hasmukh Jivraj Mehta, Amit H. Mehta, Vasant H. Mehta, and Raj H. Mehta (the "Mehta Respondents"). Currently, no U.S. attorney has entered an appearance for Janak Healthcare Private Limited (the "Company"); but, Mr. Donnellon represented to the Court that Indian counsel informed him that the Company may accede to this Court's ruling and remain neutral in

2

this proceeding due to the conflict between minority and majority shareholders for the Company manifest in India.

At 9:30 a.m. U.S. Eastern Time on March 27, 2014, this Court held a pre-hearing conference with counsel for all parties who had entered an appearance. During the conference, counsel for the Mehta Respondents advanced the argument that this Court lacks personal jurisdiction over his clients. Petitioner Midmark continues to assert that personal jurisdiction is proper asserting that this is provided by the Treaty, without citation to authority for this point in case law or the Treaty text. As noted in this Court's March 19, 2014 Temporary Restraining Order, the Court had questions relating to this Court's exercise of personal jurisdiction over the Mehta Respondents and the facts necessary to establish such. The urgency of the matter, and the risk to the Petitioner Midmark, however, warrant extension of the Temporary Restraining Order to allow the Court to consider fully the basis of such jurisdiction as a threshold issue before addressing whether further relief is appropriate. So that the issue of personal jurisdiction can be fully briefed, and evidence presented, prior to this Court's disposition of Midmark's request for a preliminary injunction, this Court *sua sponte* extended the temporary restraining order for an additional fourteen (14) days in accordance with Fed. R. Civ. P. 65(b)(2) and ordered an expedited briefing schedule on the personal jurisdiction question. Therefore, for good cause shown, IT IS ORDERED THAT:

    A.    Respondents Janak Healthcare Private Limited, Apurva Jayantilal Mehta, Hema A. Mehta, Atman A. Mehta, Sibir A. Mehta, Hasmukh Jivraj Mehta, Amit H. Mehta, Vasant H. Mehta, and Raj H. Mehta (collectively, "Respondents"), together with their officers, agents, servants, employees, legal representatives and attorneys, and all persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, are PRELIMINARILY RESTRAINED and ENJOINED, from continuing or prosecuting in any manner whatsoever, the proceedings entitled Apurva Jayantilal Mehta & Ors. v. Janak

Healthcare Pvt. Ltd. & Ors, in presently unnumbered Company Petition, now pending in the Company Law Board, Mumbai;

B. Respondents, together with their officers, agents, servants, employees, legal representatives and attorneys, and all persons in active concert of participation with them who receive actual notice of this order, by personal service or otherwise, shall take no actions, to prosecute, pursue, Janak Healthcare Pvt. Ltd. & Ors, in presently unnumbered Company Petition, now pending in the Company Law Board, Mumbai and will take all necessary steps to stay and hold in abeyance the action such that all proceedings are on hold until this Court can take further action as set forth in this Order in furtherance of consideration of the Petition to Compel Arbitration;

C. Prior to the hearing set forth below, the parties shall brief the issue of personal jurisdiction, including citations to case law or textual authority for the proposition that the Treaty confers personal jurisdiction over the individual respondents, in accordance with the below schedule:

(1) Respondent's Motion/Brief -- April 4, 2014
(2) Petitioner's Opposition -- April 9, 2014
(3) Respondents' Reply (if any) -- April 11, 2014

D. The bond of $100 -- already posted by Petitioner -- is continued;

E. This Order shall expire 14 days from the expiration of the original Temporary Restraining Order, 3:00 p.m. U.S. Eastern Time, April 16, 2014, unless further extended by consent of the parties or replaced with another order.

F. This matter is scheduled for a hearing on the question of the Court's personal jurisdiction over the Mehta Respondents, on the 14th day of April, 2014 at 8:30 a.m.

IT IS SO ORDERED.

March 28, 2014                                          s/Thomas M. Rose

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE