**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MIDMARK CORPORATION, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 3:14-cv-088 |
| JANAK HEALTHCARE PRIVATE LIMITED, *et al*., | : | Judge Thomas J. Rose |
| | : | |
| Respondents. | : | |
| | : | |

_____

**ENTRY AND ORDER DENYING MOTION OF PETITIONER MIDMARK CORPORATION FOR LEAVE TO SERVE RESPONDENTS VIA ALTERNATIVE MEANS. DOC. 28.**
_____

Pending before the Court is Motion of Petitioner Midmark Corporation for Leave to Serve Respondents Via Alternative Means. Doc. 28.  Plaintiff moves the Court, pursuant to Federal Rule of Civil Procedure 4(f)(3) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention," Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.) for permission to perfect service via email.

Rulings on motions for alternative service of process under Federal Rule of Civil Procedure 4(f)(3) are conferred to the discretion of the Court, since "the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc.*

*v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003); *C & F Systems, LLC v. Limpimax, S.A.*, 2010 WL 65200, *1 -3  (W.D. Mich. 2010).   A district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have "reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile." *FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (quoting *Ryan v. Brunswick*, 2002 WL 1628933, at * 2 (W.D.N.Y. 2002)).

When serving a foreign defendant, the first method of service, and the one to be preferred in most cases, is service pursuant to an internationally agreed means, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Fed. R. Civ. P. 4(f)(1). The Hague Convention is the exclusive method of effecting service between signatories to the convention. *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 643-44 (5th Cir. 1994).

Article 15 of the Convention "provide[s] that alternative methods of service may be used if a Central Authority does not respond within six months to the originator of the request for service." *Harper v. W.W. Grainger, Inc.*, 2013 WL 2470751, *3 (W.D. Ky. 2013)(quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1133 (3d ed. 2002)). The Hague Convention provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005).   India has objected to the provision for service by mail, Article 10. India's Declarations and Reservations to the Hague

2

Convention ("India's Hague Service Convention Reservations"), available at http://www.hcch.net/index_en .php?act=status.comment & csid=984 & disp=resdn (last visited April 29, 2014).

Even if service by alternative means is appropriate under the Convention, service must still satisfy due process under the Constitution of the United States. *Lexmark Intern., Inc. v. Ink Technologies Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013)(citing Fed. R. Civ. P. 4, Advisory Committee Note to Subdivision (f)(3) ("Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.")).

Federal Rule of Civil Procedure 4(f)(3), under which Petitioners have moved the Court, "serves as a safety valve for unanticipated situations ...." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1133 at 313 (3d ed. 2002). "Rule 4(f)(3) is most likely to be employed when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention or refuses to serve a complaint based on its own public policy or substantive law limitations." *Id*. at 313-14.  Consequently, the better view is that Rule 4(f)(3) should be viewed as a "final effort to make service when other means have failed." *Marcantonio v. Primorsk Shipping Corp*., 206 F. Supp. 2d 54, 58 (D. Mass. 2002). Therefore, even if other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant. See *Tucker v. Interarms*, 186 F.R.D. 450, 452-53 (N.D. Ohio 1999).  Time has not proven the Indian Central Authority dilatory, moreover, Defendants, while not expediting consideration of the

instant matter by waiving service, have not exhibited the behavior found in some of the cases cited by Petitioner.

Even if the Court were to find that the six-month temporal requirement for service by alternative means had been satisfied, it must still resolve the question of whether service by email satisfies United States Constitutional concerns. In *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002), the Ninth Circuit upheld the district court's authorization of e-mail service because the plaintiff's investigation showed that the defendant did not maintain a physical office but, instead, maintained a website and designated its undisputed e-mail address as its preferred means of communication. *Rio Properties* cautions courts to "balance the limitations of email service against its benefits in any particular case." 284 F.3d at 1018.

The advisory committee's notes to Rule 4 of the Federal Rules of Civil Procedure state that "[u]se of the [Hague Service] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments. If such procedures fail, a litigant may serve a foreign entity in compliance with a court order allowing service "by other methods of service not prohibited by international agreements." Fed. R. Civ. P. 4 advisory committee's note to 1993 Amendments; see also *Burda Media*, 417 F.3d at 301 (noting that "the Hague Convention should be read together with Rule 4"); *Gurung v. Malhotra*, 279 F.R.D. 215, 218–19 (S.D.N.Y. 2011) (finding use of court-ordered alternative means of service under Rule 4(f)(3) sufficient).

Plaintiff relies primarily upon *Lexmark International, Inc. v. Ink Technologies Printer Supplies, LLC*, 295 F.R.D. 259 (S.D. Ohio 2013)(Barrett, J.) and *F.T.C. v. PCCare247 Inc.*, 2013

WL 841037 (S.D.N.Y. 2013), for the proposition that a plaintiff need not exhaust or even attempt service through other provisions of Rule 4(f) before resorting to section 4(f)(3).  Both of these cases belong to a line of cases that trace back to *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

The Northern District of California has distinguished *Rio Properties*, however, noting that in *Rio Properties*, plaintiffs had no other address for defendants than an email address. More importantly, *Rio Properties* involved service in a country that is not a member of the Hague Convention, thereby eliminating the obligation the plaintiff would have had to show that email service in the country was permissible under the convention. *Agha v. Jacobs*, 2008 WL 2051061, *1 n.1 (N.D. Cal. 2008).  Magistrate Judge Seeborg continued to note that many of the cases allowing service by email involve foreign countries that either were not members of Hague Convention, or if they were, had not exercised their rights under Article 10 of that Convention to object to service through "postal channels." *Id.*

Plaintiff's position is contrary to the plain language of Rule 4(f).  Indeed, the official commentary warns that Petitioners should beware "displeasing the foreign country with the manner of service used may prompt it to withhold enforcement of the judgment later."  28 U.S.C. R. 4, Commentary 4-24.  The Comment urges "a service method that will propitiate the nation involved." *Id.*

While Plaintiff points to *Lexmark International, Inc. v. Ink Technologies Printer Supplies, LLC*, 295 F.R.D. 259 as a case allowing service by email to countries that objected to article 10,  *Lexmark* involved a case that was three years old, well past the six-month threshold. The instant case is not three years old, but several weeks old.  Similarly, *F.T.C. v. PCCare247*

*Inc.*, 2013 WL 841037 (S.D.N.Y. 2013), while allowing service by email to India, is a case where three months had passed before plaintiff requested permission to serve by email, and six months elapsed prior to the court permitting it.  While e-mail service may be appropriate in some cases, e.g., when as in *Rio Properties* the plaintiff is "faced with an international e-business scofflaw, playing hide-and-seek with the federal court," 284 F.3d at 1018, Plaintiffs have made no showing that this is such a case.  In this case, Defendants are merely standing on their right to formal service of process.

Concern for comity and respect for the legal system of India, notably the Mumbai Company Law Board, and for the treaty obligations of the United States of America are foremost in the Court's mind.  Simply put, the Court has stomped around enough in the Company Law Board's garden, and wishes to leave some of the crop.  Service by alternative means prior to allowing the Central Authority of India an opportunity to serve Defendants, especially in light of the respect the Company Law Board has afforded the rulings of this Court, is not warranted at this juncture.

Motion of Petitioner Midmark Corporation for Leave to Serve Respondents Via Alternative Means, doc. 28, is **DENIED WITHOUT PREJUDICE TO REFILING**.

Done and ordered this Thursday, May 01, 2014.

s/Thomas M. Rose

HON. THOMAS J. ROSE
UNITED STATES DISTRICT JUDGE